# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RYAN GENE CARTER,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.,*

    *Respondents.*

3:14-cv-00040-RCJ-VPC

ORDER

    This habeas action comes before the Court on petitioner's motion for leave to file a longer than normal petition that was submitted with the petition as well as for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). The filing fee has been paid.

    The Court will grant the motion for leave to file a longer than normal petition only to direct the filing of the original papers into the record, subject to the remaining provisions herein. As discussed *infra*, petitioner must file an amended petition instead using the Court's required habeas petition form to state his claims.

    Under Local Rule LSR 3-1, a habeas petitioner must use the Court's required petition form to state his claims. In the present case, petitioner instead used the petition form only as a cover document that sought to incorporate multiple state court filings. Petitioner sought to incorporate selected pages from his state petition on each ground along with the same 19 pages – for each ground – from another state court filing. The supplemental filing included extended procedural history and other recitals along with a number of – in one instance illegible – attached exhibits. See #1-1, at 36-54 (at electronic docketing pages 65-84).

Petitioner urges in the petition that this procedure is authorized by *Dye v. Hofbauer*, 546 U.S. 1 (2005), and Rule 10(c) of the Federal Rules of Civil Procedure.

Nothing in either *Dye* or Rule 10(c) authorizes a petitioner to simply attach multiple state court filings to state his claims in a federal petition.

Petitioner relies upon a passage from *Dye* where the Court held that the federal district court had erred in dismissing a claim as being stated only vaguely. The *Dye* Court stated:

> A second reason the *Dye II* panel denied relief was that the habeas petition filed in the United States District Court presented the prosecutorial misconduct claim in too vague and general a form. This alternative holding cannot rescue the *Dye II* judgment, for it, too, is incorrect. The habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity. See Fed. Rules Civ. Proc. 81(a)(2), 10(c). As the prosecutorial misconduct claim was presented properly, it, and any other federal claims properly presented, should be addressed by the Court of Appeals on remand.

546 U.S. at 4. The *Dye* Court was referring to a situation where the petitioner had appended a federal court brief that was referred to in the petition and then was overlooked by the lower courts. The *Dye* Court in no sense suggested that a petitioner simply could attach multiple state court filings to state his claims in federal court. Nor did the *Dye* Court suggest that a petitioner thereby could leave the federal district court and the respondents to sift through multiple state court filings to attempt to piece together and discern his claims.

Rule 10(c) similarly does not authorize a party to simply attach multiple state court filings, with state court exhibits further attached therewith, in order to state his claims in a federal pleading. The provision states:

> **(c) Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. Pro. 10(c). Rule 10(c) does not establish that a party may adopt a *state* pleading wholesale to state his claims in a federal pleading in lieu of instead stating his claims in the federal pleading itself. Rule 10(c) further does not establish that a party may simply attach an exhibit to a pleading as the entirety of his statement of his claims.

1      Petitioner notes that the Federal Rules of Civil Procedure apply in federal habeas proceedings in many circumstances under Rule 81(a)(4) and Habeas Rule 12. That is true. Rule 83 of the Federal Rules of Civil Procedure recognizes the authority of the federal district courts to establish local rules governing the practice in their courts that are not inconsistent with the governing rules of procedure. This Court has adopted the above-referenced Local Rule LSR 3-1 which requires that a habeas petition be filed on the Court's required habeas petition form. A district court's authority to require that an approved petition form be used is expressly recognized in Habeas Rule 2(d).

     In short, under this Court's local rules, petitioner must use the petition form – in its entirety – to state all of his claims – in their entirety – within the four corners of the petition form. He may not simply attach multiple prior state court filings to allege his claims in the federal petition, in their entirety.

     The Court will give petitioner an opportunity to file an amended petition instead stating his claims with the particularity required under Habeas Rule 2(c) on the required petition form.

     IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and that petitioner shall have **thirty (30) days** from entry of this order to file an amended petition stating his claims on the Court's required habeas petition form and otherwise correcting the deficiencies identified in this order. If petitioner fails to timely do so, this action will be dismissed without further advance notice for failure to comply with the local rules and order of this Court.

     IT FURTHER IS ORDERED that petitioner shall clearly title any amended petition filed in response to this order as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **3:14-cv-00040-RCJ-VPC**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are not alleged therein will not be before the Court.

1  IT FURTHER IS ORDERED that the Clerk shall file the motions accompanying the
2  petition, that petitioner's motion for leave to file a longer than normal petition is GRANTED
3  subject to the remaining provisions herein, and that the Clerk shall reflect the Court's action
4  on the motion. The motion for appointment of counsel will remain under submission at this
5  time.
6  The Clerk of Court shall SEND petitioner two copies of a noncapital § 2254 petition
7  form together with one copy of the instructions for same along with a copy of the papers that
8  he submitted.

DATED: August 26, 2014.

_____
ROBERT C. JONES
United States District Judge