UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RYAN GENE CARTER,

                         Plaintiff,

v.

ROBERT LEGRAND, et al.,

                         Defendants.

Case No. 3:14-cv-00040-RCJ-VPC

ORDER

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss certain grounds in petitioner Ryan Gene Carter's amended petition (ECF No. 13). Carter opposed (ECF No. 21), and respondents replied (ECF No. 22).

**I.    Procedural History and Background**

On August 9, 2010, Carter was convicted, pursuant to a guilty plea, of two counts of sexual assault (exhibit 20 to respondents' motion to dismiss, ECF No. 13).[1] As part of the guilty plea agreement, Carter agreed and stipulated to the State's recommendation of consecutive sentences. Exh. 15. The state district court sentenced Carter to two consecutive life terms each with the possibility of parole after ten years. Exh. 20. Carter did not appeal.

On August 1, 2011, Carter filed a state postconviction petition for habeas relief. Exh. 27. The Nevada Supreme Court affirmed the state district court's denial of the petition

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF Nos. 14-16.

1

on December 12, 2013 and subsequently denied a petition for rehearing.  Exhs. 73, 74.  Remitittur issued on April 21, 2014.  Exh. 75.

Meanwhile, Carter had dispatched his federal habeas petition for mailing on January 14, 2014 (ECF No. 7).  Pursuant to this court's order, Carter filed an amended petition on September 17, 2014 (ECF No. 10).

## II.    Legal Standards & Analysis

In his amended federal petition, Carter sets forth twelve grounds of ineffective assistance of trial counsel in violation of his Sixth Amendment rights (ECF No. 7).  First, respondents move to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA) (ECF No. 13, pp. 3-4).  *See* 28 U.S.C. § 2244(d) AEDPA imposes a one-year time limitation, which can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  A properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

As Carter points out in his opposition, respondents' argument that his petition is untimely is meritless (ECF No. 21, pp. 2-3).  In their reply, respondents assert for the first time that the grounds in the amended petition do not relate back to the original petition (ECF No. 22, pp. 3-4).  Carter, of course, had no opportunity to respond to that new contention.  In any event, that position, too, is utterly meritless (*compare* original petition, ECF No. 7, with amended petition, ECF No. 10).

Respondents also argue, alternatively, that grounds 11(b) and 12 should be dismissed (ECF No. 13, pp. 5-6).  With respect to what respondents have identified as ground 11(b), they argue that it should be dismissed as conclusory.  *Id*. at 6.  Carter claims in ground 11(b) that trial counsel was ineffective "for not presenting the option of perpetuating the victim's statement" (ECF No. 10, p. 46).  This indecipherable statement fails to state a claim for which habeas relief may be granted.  In his opposition, Carter offers a brief, purported clarification that sheds no light on what ground 11(b) might

2

mean (ECF No. 21, p. 3).  Accordingly, ground 11(b) is dismissed for failure to state a claim for which relief may be granted.

Finally, in ground 12 Carter claims cumulative error of the ineffective assistance of counsel claims set forth in grounds 1-11 (ECF No. 10, p. 48).  This court agrees with respondents that a separate cumulative error claim for ineffective assistance of counsel is likely either noncognizable or duplicative of the underlying ineffective assistance claims.  In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Therefore, ground 12 is dismissed.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is **GRANTED** as to grounds 11(b) and 12.  Grounds 11(b) and 12 are dismissed from the amended petition as set forth in this order.

**IT IS FURTHER ORDERED** that respondents shall file an answer to petitioner's remaining grounds for relief within **forty-five (45) days** of the date of this order.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE